Attachment A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**
JUL -5 2018
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

Joshua Daniel Stevens

_Your full name_

**STATE CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983**

v. Betsy Jividen
Karen Pszczolkowski
William Yurcina
Mike Hill
Rhichard Mckeen
Russell Cook
Christopher Folmer
Jamie Gray
Pamela Moore

Michelle Scott

_Enter above the full name of defendant(s) in this action_

Civil Action No.: 1:18-CV-140
(To be assigned by the Clerk of Court)

Keeley
Aloi
Williams

## I. JURISDICTION

This is a civil action brought pursuant to **42 U.S.C. § 1983**. The Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 2201.

## II. PARTIES

_In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided._

  A. Your Name: Joshua Daniel Stevens

  Inmate No.: #3469412

  Address: Northern Correctional Facility, 112 Northern Reg Drive, Moundsville, WV, 26041

_In Item B below, place the full name of each defendant, his or her official position, place of employment, and address in the space provided._

  B. Name of Defendants: Betsy Jividen [In her official and individual capacity], Karen Pszczolkowski [In her Individual Capacity], William Yurcina [In his Individual Capacity]

Attachment A

Position: Doc Commissioner, Warden of Northern Corr facility, Deputy Warden NCF
Place of Employment: Northern Correctional Facility
Address: 112 Northern Reg Drive, Moundsville WV, 26041

Was this Defendant acting under the authority or color of state law at the time these claims occurred?   ☒ Yes   ☐ No

If your answer is "YES," briefly explain: They are employed by the state and therefore under authority of the state law.

B.1   Name of Defendant: Mike Hill, Rhichard McKeen, Russell Cook
Individual C- Individual capacity   Individual capacity
Position: Associate Warden of Security, Shift Supervisor, G-2 Pod supervisor
Place of Employment: _____
Address: _____

Was this Defendant acting under the authority or color of state law at the time these claims occurred?   ☒ Yes   ☐ No

If your answer is "YES," briefly explain: They are employed by the state and therefore under authority of state law.

B.2   Name of Defendant: Christopher Folmer / In his individual capacity
Position: CO II
Place of Employment: Northern Correctional Facility
Address: 112 Northern Reg Drive, Moundsville, WV, 26041

Attachment A

Was this Defendant acting under the authority or color of state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: He is employed by the state and under the authority of state law.

B.3   Name of Defendant: Jamie Gray / In his individual & official capacity
      Position: Medical Administrator for Wexford Med at NCF
      Place of Employment: Northern Correctional Facility
      Address: 112 Northern Reg Drive, Moundsville, WV, 26041

Was this Defendant acting under the authority or color of state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: He is employed by the state and therefore under the authority of state law.

B.4   Name of Defendant: Pamela Moore / In her individual capacity
      Position: Nurse Practicioner / FRNP
      Place of Employment: Northern Correctional Facility
      Address: 112 Northern Reg Drive, Moundsville, WV, 26041

Was this Defendant acting under the authority or color of state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: She is employed by the state and therefore under authority of state law

Attachment A

B.5   Name of Defendant: Michelle Scott / In her individual capacity
Position: LPN
Place of Employment: Northern Correctional Facility
Address: 112 Northern Reg Drive, Moundsville, WV, 26041

Was this Defendant acting under the authority or color of state law at the time these claims occurred?   ☑ Yes   ☐ No

If your answer is "YES," briefly explain: She is employed by the state and therefore under the authority of state law.

## III.   PLACE OF PRESENT CONFINEMENT

Name of Prison/Institution: Northern Correctional Facility

A.   Is this where the events concerning your complaint took place?
☑ Yes   ☐ No

If you answered "NO," where did the events occur?

B.   Is there a prisoner grievance procedure in the institution where the events occurred?   ☑ Yes   ☐ No

C.   Did you file a grievance concerning the facts relating to this complaint in the prisoner grievance procedure?   ☑ Yes   ☐ No

D.   If your answer is "NO," explain why not

Attachment A

E. If your answer is "YES," identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed and state the result at level one, level two, and level three. **ATTACH GRIEVANCES AND RESPONSES**:

LEVEL 1 exhausted / no relief
LEVEL 2 exhausted / no relief
LEVEL 3 exhausted / no relief

IV. PREVIOUS LAWSUITS AND ADMINISTRATIVE REMEDIES

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?   ☐ Yes   ☑ No

B. If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

   1. Parties to this previous lawsuit:

      Plaintiff(s): Joshua Daniel Stevens
      Defendant(s): John Sheely Administrator of ERJ

   2. Court: Northern District / Berkeley County
      *(If federal court, name the district; if state court, name the county)*

   3. Case Number: _____

   4. Basic Claim Made/Issues Raised: Overcrowding in Regional Jail and living conditions

   5. Name of Judge(s) to whom case was assigned: _____

Attachment A

6. Disposition: Dismissed
   (For example, was the case dismissed? Appealed? Pending?)

7. Approximate date of filing lawsuit: Dec 2012

8. Approximate date of disposition. **ATTACH COPIES**

C. Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?   ☑ Yes   ☐ No

D. If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought.
   I wanted to be moved out of Regional Jail and put into DOC custody.

E. Did you exhaust available administrative remedies?   ☐ Yes   ☑ No

F. If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted.
   There is no real effective grievance procedure at Eastern Regional Jail

G. If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

Attachment A

1. Parties to previous lawsuit:

   Plaintiff(s): _____

   Defendant(s): _____

2. Name and location of court and docket number:
   _____
   _____

3. Grounds for dismissal:  ☐ frivolous   ☐ malicious
   ☐ failure to state a claim upon which relief may be granted

4. Approximate date of filing lawsuit: _____

5. Approximate date of disposition: _____

V. STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the facts of your case. Describe what each defendant did to violate your constitutional rights. **You must include allegations of specific wrongful conduct as to EACH and EVERY defendant in the complaint.** Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN A SEPARATE CIVIL ACTION. NO MORE THAN FIVE (5) TYPED OR TEN (10) NEATLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT. (LR PL 3.4.4)***

CLAIM 1: 8th Amendment Violation;
_____
_____

Supporting Facts: See Attached:
_____
_____
_____
_____

Attachment A

CLAIM 2: Supervisory Liability:

Supporting Facts: See attached:

CLAIM 3: Retaliation for exercising first amendment right to free speech and petition the court for redress of grievances.

Supporting Facts: See attached:

CLAIM 4: 8th amendment violation

Supporting Facts: See attached:

CLAIM 5: Violation of due process in violation of the 14 8th ammendment of the U.S. Constitution. Violation of due process and of article 3 subsection 10 of WV constitution

Supporting Facts: See attached

VI. **INJURY**

Attachment A

Describe **BRIEFLY and SPECIFICALLY** how you have been injured and the exact nature of your damages.

Head, Neck, spine, finger, lower back and leg damages for pain and suffering from physical injuries and emotional, psychological distress

VII. RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

Nominal damages in the amount of $10,000.00 against each defendant, jointly and severally. Compensatory damages in the amount of $35,000.00 against each defendant, jointly and severally. Punitive damages in the amount of $150,000.00 against each defendant, jointly and severally

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate. Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Northern Correctional Facility on 6/18/18
(Location)                                            (Date)

Joshua Stevens
Your Signature

Claim #1

Supporting Facts: C/O II Folmer did show deliberate indifference to a known risk of harm to myself when he failed to adhere to WVDOC policy directives and or Operational Procedures which governs the escort of segregation inmates who are wearing mechanical restraints. As a result of C/O II Folmers deliberate indifference I sustained a head injury, a back injury, an index finger injury, a neck injury, and a leg injury. see Exhibit #1 & 2

Claim #2

Supporting Facts: Commissioner Betsy Jividen, Warden Karen Pszczolkowski, Deputy Warden William Yurcina, AWS Mike Hill, Shift Supervisor Rhichard Mckeen, C-2 Pod supervisor Russell Cook failed to supervise, train and disipline C/O II Folmer in proper procedure of escorting an inmate to and from showers in mechanical restraints which in turn resulted in my injuries. see Exhibit #3

Claim #3

Supporting Facts: Corporal Russell Cook & C/O II Christopher Folmer told the other inmates on the seg unit that the reason that showers for everyone were so late at night was because I wanted to write grievances about how they weren't doing their jobs right and be a whistle blower. This is retaliation for writing grievances on how I sustained my injuries. See exhibit #5

page 1

Claim #3 (cont)

Supporting Facts: They have put a target on my back with these comments. They have also put my life in danger by doing this. I have been called a Rat and other choices words and have been threatened bodily harm by the inmates in seg because of thier retaliation of my first admendment right. See exhibit #5

Claim #4

Supporting Facts: Medical Administrator Jamie Gray, Nurse Practicioner Pamela Moore, and LPN Michelle Scott were diliberately indifferent to a known known risk of harm and or a serious medical condition. As a result of LPN Michelle Scotts deliberate indifference I was put back in my cell in seg for over 30 minutes where I lost consciousness and woke up on the floor. I also vomited before they came back to get me in a wheelchair. I told the nurse, who saw me fall on the steps, that I was dizzy and that I had blurry vision, and that my ears were ringin, and that I felt nauseous and she said, "go into your cell until I'm done with pill call" instead of taking me to medical immeadid for evaluation. Pamela Moore Showed deliberate indifference by releasing me from Medical the next day w/o any evaluation into any of my injuries sustained by the fall on the steps, except my finger. And for down playing my injuries as not that serious. As a result I am still suffering from these injuries. See exhibit #4 ¿ 6 ¿ 7 ¿ 8 ¿ 9 ¿ 10 ¿ 11

page 2

Claim #5

Supporting Facts: I requested special management because I submitted two (2) affidavits regarding three inmates who attacked and extorted an inmate at NCF. I submitted these affidavits in U.S. District Court for the Northern District of W.V. (Exhibit)(#1 & 2). Because I am a witness against those three (3) inmates that are violent, I sought special management for my own protection. The respondent was deliberately indifferent to this risk of harm to myself and denied my request for special management. (See claim or grounds)
See exhibit # 12 & 13 & 14 & 15                                   (#5)

Claim #6

Supporting Facts: By virtue of my incarceration I am in a "special relationship" with the state of W.V.. Because I am in a "special relationship" with the state of W.V., the respondent has an affirmative duty to protect me from a threat from third party violence. However the respondent has failed to protect me. See exhibits # 12, 13, 14, 15         See claim or grounds
                                                                                    (#5)

Claim #7

Supporting Facts: I have a protected liberty interest pursuant to article III § 5 of the W.V. constitution and 8th amendment of the U.S. constitution, in the W.V.D.O.C. policy directive 326.03 "special management" and its written procedures. The respondent blatantly violated the procedures of W.V.D.O.C policy directive 326.03 and denied my request for special management.
(See claims or grounds) (#5)