IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JOSHUA DANIEL STEVENS,**

      **Plaintiff,**

v.                                               Civ. Action No. 1:18-CV-140
                                                         (Kleeh)

**BETSY JIVIDEN, KAREN PSZCOLKOWSKI,
WILLIAM YURCINA, MIKE HILL,
RICHARD MCKEEN, RUSSELL COOK,
CHRISTOPHER FOLMER, and MICHELLE SCOTT,**

      **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 81]**

On July 5, 2018, the pro se Plaintiff, Joshua Daniel Stevens ("Plaintiff"), filed a Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges, among other things, that certain defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. [ECF No. 1].[1] On April 21, 2020, Defendants Betsy Jividen, Karen Pszcolkowski, William Yurcina, Mike Hill, Richard McKeen, Russell Cook, and Christopher Folmer ("WVDOC defendants") filed a Motion to Dismiss with a memorandum in support. [ECF Nos. 48, 49]. On May 12, 2020, Defendant Michelle Scott ("Defendant

---

[1] By previous Order Adopting Report and Recommendation entered August 4, 2020, a Preliminary Report and Recommendation was adopted, thereby dismissing, with prejudice, all claims against Defendants Jamie Gray and Pamela Moore. [ECF No. 78].

ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 81]

Scott") filed a Motion to Dismiss with a memorandum in support. [ECF No. 55, 56]. To this date, despite multiple Roseboro notices being entered and served on the plaintiff, no response in opposition to WVDOC defendants' or Defendant Scott's motions to dismiss has been filed.

Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi for initial review. On January 5, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R") [ECF No. 81], recommending that the Court grant both motions to dismiss [ECF Nos. 48, 55] and that each defendant be dismissed with prejudice from the action for the failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

The R&R also informed the parties regarding their right to file specific written objections to the magistrate judge's report and recommendation. Under Local Rule 12 of the Local Rules of Prisoner Litigation Procedure of the Northern District of West Virginia, "[a]ny party may object to a magistrate judge's recommended disposition by filing and serving written objections within fourteen (14) calendar days after being served with a copy of the magistrate judge's recommended disposition." LR PL P 12. Further, the magistrate judge allotted an extra three (3) days to account for mailing and service of any objections. [ECF No. 81].

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 81]**

Therefore, parties have seventeen (17) calendar days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection." The R&R further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." The docket reflects that Plaintiff accepted service of the R&R on January 7, 2021. [ECF No. 82]. To date, no objections to the R&R have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review. Accordingly, the Court reviewed the R&R for clear error. Upon careful review, and finding

3

no clear error, the Court **ADOPTS** the R&R [ECF No. 81]. The Motions to Dismiss are **GRANTED** [ECF Nos. 48, 55] and the WVDOC defendants and Defendant Scott are **DISMISSED WITH PREJUDICE** from this action for the failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii). The Court **DIRECTS** the Clerk to enter judgment in favor of these Defendants as it relates to the remaining claims.

The Court **ORDERS** that this action be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via electronic means and to the pro se Plaintiff via certified mail, return receipt requested.

**DATED:** March 2, 2021

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE